UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
4 PILLAR DYNASTY LLC,                          Civil Action No.

                          Plaintiff,                 Judge:

                -against-                              Jury Trial Demanded

ONZIE INC., AND KIMBERLY SWARTH,

                         Defendants.
------------------------------------------------------------------X

## COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

4 Pillar Dynasty LLC ("Plaintiff"), by and through its attorneys, brings this action for trademark and trade dress infringement, unfair competition and false designation of origin, and does hereby allege against Defendants Onzie Inc. ("Onzie") and Kimberly Swarth ("Swarth"), (collectively the "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff is engaged in the business of, <u>inter alia</u>, selling ladies wearing apparel, including exercise and yoga wear in a very competitive national market. Its wearing apparel is sold and marketed under the brand name "90 Degree By Reflex" and "Reflex" (collectively the "Brand") used in conjunction with a logo of a female dancer or exerciser in the "grand jete" ballet movement depicting a ninety degree angle made by her legs (the "Logo"). The "Logo" and the "Brand" are referred to hereinafter as the "Trademark." By this action for trade dress and trademark infringement, Plaintiff seeks an injunction, damages, and related relief as a result

of Defendants' sale of confusingly similar products with clothing labels which such labels are knockoffs, imitations and copies of Plaintiff's Trademark which has been used with a variety of highly successful products. Defendants have intentionally encroached on Plaintiff's rights in a concerted, ongoing attempt to hijack the substantial brand awareness and goodwill associated with Plaintiff's Trademark and products, and to cause confusion among the buying public, all to Plaintiff's great and irreparable harm.

## THE PARTIES

2.      Plaintiff 4 Pillar Dynasty LLC is a New York limited liability company with its principal office at 525 Seventh Avenue, New York, New York.

3.      On information and belief, Defendant Onzie Inc. is a California corporation with its principal place of business located at 42 Brooks Avenue, Venice, California and is transacting business in the State of New York and in this judicial district.

4.      On information and belief, Kimberly Swarth ("Swarth") is a natural person and citizen of the United State whose residence is unknown but is believed to be a California resident and citizen of said state and is the sole owner of the defendant Onzie and is its alter ego, controlling, operating and directing its operations, and directing, participating in, and financially benefitting from its illegal and unlawful acts as complained of herein. As such, Swarth is a proper party defendant, personally liable for the conduct of her company Onzie, Inc., conducting business in the State of New York and in this judicial district.

5. TJX Companies Inc. is not a named party to this lawsuit, but is the retailer to whom the infringing articles were sold. TJX Company Inc. is a Delaware corporation with its principal place of business located at 770 Cochituate Road, Framingham, Massachusetts, and owns or controls the retail department stores known as TJ Maxx, Marshalls, TK Maxx and Winners of Canada.

## JURISDICTION AND VENUE

6. Count I herein arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114. Count II is for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Count III is for deceptive trade practices in violation of New York General Business Law, and Section 349, and Count IV arises under New York common law prohibiting trademark infringement and unfair competition.

7. This Court has original jurisdiction over the subject matter of this action based on 15 U.S.C. § 1121 and 28 U.S.C. § 1331, § 1338(a)-(b), as federal questions are presented. This Court has jurisdiction over the state law claims asserted in Counts III and IV herein under 28 U.S.C. § 1367 and § 1338(b).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and this Court has personal jurisdiction over Defendants because the Defendants conduct business within this district, the acts giving rise to the asserted claims are being committed within this district, and Plaintiffs are suffering harm in this district.

## FACTS

### Plaintiff's 90 DEGREES BY REFLEX, REFLEX and LOGO Business

9. The United States Patent and Trademark Office has issued to Plaintiff registration number 4,238,283 for the standard character mark 90 DEGREE BY REFLEX ("90 DEGREE") and registration number 4,206,795 for the standard character mark REFLEX ("REFLEX") ("90 DEGREE" and "REFLEX" are sometimes collectively referred to herein as the "Trademarks). In addition to the words comprising the Trademarks, a logo depicting a female dancer or exerciser in the "grand jete" ballet movement depicting a ninety degree angle with her legs is included in close proximity to the word "Reflex." (the "Logo")(See Exhibits A and B). ." The Trademarks are never used without the "Logo." The Trademarks and Logo are used in connection with a wide variety yogawear and ladies wearing apparel and activewear. Since its introduction to the marketplace, millions of such products bearing one or both of the Trademarks and Logo have been sold at retail establishments throughout the United States and Canada.

10. The Trademarks and Logo are distinctive. As proven by the millions of product and re-orders from retailers, consumers have come to recognize and rely on the Trademarks and Logo for product reliability and performance and, as a result thereof, Plaintiff has realized millions of dollars in sales and profit.

11. Plaintiff markets its products through various means, with a large percentage of its products being sold at retail through stores owned and operated by the defendant TJX.

12. Plaintiff's products are renowned for their use of distinctive, attractive styling

which, along with the corresponding Trademarks and Logo, identify Plaintiff as their source, and assure consumers they are purchasing products of the highest quality.

13. Plaintiff's products are promoted and sold nationwide to a broad, female, male and children's' consumer base in all activewear and performance categories.

**Defendants and Their Infringing Acts**

14. On information and belief, Defendant Onzie is a wholesaler/manufacturer of wearing apparel under the brand "Onzie." To the best of Plaintiff's knowledge, prior to the unlawful use of the Trademark and Logo, Onzie never made or sold product using the mark "FLEX" together with a dancer identical to the Logo.

15. Annexed hereto as Exhibit C are copies of two purchase orders from the defendant TJX to the defendant Onzie. As shown thereon, TJX purchased from Onzie, who sold and delivered, thousands of infringing articles of clothing to TJX. TJX, without the knowledge or consent of Plaintiff, displayed and offered such infringing articles of clothing to the public through its retail stores, including Marshalls and TJ Maxx (see receipts marked as Exhibits D1 and D2 depicting the infringing articles, their hangtags and placement on the same racks displaying Plaintiff's product at Marshalls and TJ Maxx) (pictures of the infringing articles are marked as Exhibit E).

16. On information and belief, the business strategy of the Defendants included Onzie selling the "FLEX" products to TJX which such products were unlawfully similarly designed to appear nearly identical to the Plaintiff's products and to be sold in the mass markets. In furtherance of this strategy, Defendants have deliberately and intentionally used the "FLEX" word mark and the exercising girl logo (with her legs in a ninety degree angle) in an effort to promote their products and representing to potential customers that they are very similar to

Plaintiff's. These products were positioned on the same racks used to promote Plaintiff's products in further efforts to confuse potential customers.

17. Defendants' products are identified or referenced in Exhibit F hereto, and are referred to as the "Infringing Products."

18. On information and belief, Defendants' development and sale of the Infringing Products post-dated Plaintiff's first use of its corresponding genuine products.

19. On information and belief, Defendant Swarth exercised ultimate control over every aspect of the Infringing Products, from their design, development and naming to promotion, distribution and sales, and Swarth's control extended to the illegal and unlawful acts complained of herein.

20. Through their actions set forth above, Defendants have infringed Plaintiff's trademarks in such a way that consumers are likely to be confused as to the source or affiliation of the Infringing Products.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114(a)

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1-20 inclusive as if fully set forth herein.

22. Defendants' acts in regard to the Infringing Products infringe one or more of the Plaintiff's registered trademarks identified herein, as they are likely to lead the relevant trade and public to associate Defendants' products with Plaintiff's businesses, products and services, and are likely to cause confusion, mistake, or deception within the meaning of 15 U.S.C. § 1114(a).

23. Defendants' acts complained of herein are willful and done with the intention of causing confusion, mistake, or deception.

24. Defendants' acts complained of herein jeopardize the goodwill symbolized by Plaintiff's registered trademarks, causing serious and irreparable injury to Plaintiff, and a likelihood of such future harm, for which Plaintiff has no adequate remedy at law.

## COUNT II

## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

25. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 24 inclusive.

### THE LOGO

26. Plaintiff's products incorporates a distinctive logo (Exhibit B). .

27. Plaintiff's logo has achieved widespread recognition and has acquired distinctiveness.

28. Plaintiff's unregistered trademark identified herein as the "LOGO" is inherently distinctive, or has acquired distinctiveness and secondary meaning.

29. Defendants' acts in regard to the Infringing Products infringe Plaintiff's unregistered trademark, as they are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants' products with Plaintiff, or as to the origin, sponsorship or approval of Defendants' products, services or commercial activities in violation of Plaintiff's rights, within the meaning of 15 U.S.C. § 1125(a).

30. Defendants' acts complained of herein are willful and done with the intention of causing confusion, mistake, or deception, or otherwise trading unfairly upon the valuable goodwill built up in Plaintiff's trade dress and unregistered trademark.

31. Defendants' acts complained of herein jeopardize the goodwill symbolized by the Plaintiff's unregistered trademark, causing serious and irreparable injury to

Plaintiffs, and a likelihood of such future harm, for which Plaintiffs have no adequate remedy at Law.

## COUNT III

## DECEPTIVE TRADE PRACTICES IN VIOLATION OF NEW YORK GENERAL BUSINESS LAW SECTION 349

32. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 31 inclusive.

33. Defendants' acts complained of herein constitute unfair competition in violation of New York General Business Law Section 349.

34. Defendants' acts complained of herein were committed willfully, knowingly, maliciously, and in conscious disregard of Plaintiff's rights.

35. Defendants' acts complained of herein have caused, and if not restrained by this Court, will continue to cause Plaintiff serious and irreparable injury for which Plaintiff has no adequate remedy at law.

## COUNT IV

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW

36. Plaintiff repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 36 inclusive.

37. Defendants' acts complained of herein constitute trademark infringement and unfair competition in violation of the common law of New York, as they are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants'

products with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' products, services or commercial activities.

38. Defendants have willfully engaged in acts of trademark infringement and unfair competition.

39. Defendants' acts of trademark infringement and unfair competition have caused, and if not restrained by this Court, will continue to cause Plaintiff serious and irreparable injury for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. For an injunction restraining Defendants, their members, officers, agents, licensees, assignees, successors, servants, employees, attorneys and all other persons in active concert or participation with them from:

(1) manufacturing, designing, importing, selling, or distributing the Infringing Products, or any other product bearing Plaintiff's registered trademarks, unregistered trademark, or any designation confusingly similar thereto;

(2) advertising, displaying, or promoting any product or service by using Plaintiff's registered trademarks, unregistered trademark, or any designation confusingly similar thereto; or

(3) holding out in any manner whatsoever, that Defendants, or their products or services, are in any way sponsored by, or associated or affiliated with Plaintiffs, or Plaintiff's products or services.

B. That Defendants be required to promptly file with the Court and serve upon Plaintiffs a report, in writing and under oath, setting forth in detail the manner in which Defendants have complied with any injunction issued by the Court, pursuant to 15 U.S.C. §

1116(a).

C. That Defendants be directed to deliver up to Plaintiff for destruction the products and all other materials of any nature whatsoever bearing Plaintiff's registered trademarks, unregistered trademarks, or any designation confusingly similar thereto, including products, packaging materials, advertising or promotional materials, pursuant to 15 U.S.C. § 1118.

D. That Defendants be required to make a detailed accounting to Plaintiffs with respect to all transactions relating to their importation, distribution and sales of products bearing Plaintiff's registered trademarks, unregistered trademark, or any designation confusingly similar thereto, including: (1) their gross revenues relating to such products; and (2) their total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits.

E. That Defendants be directed to pay over to Plaintiff all gains, profits and advantages realized by Defendants from the sales of products bearing Plaintiff's registered trademarks, unregistered trademark, or any designation confusingly similar thereto, pursuant to 15 U.S.C. § 1117.

F. That Defendants be directed to pay to Plaintiff the costs of this action, reasonable attorney's fees, and all damages suffered by Plaintiff in an amount to be determined at trial plus interest as allowed by law, and that such damages be trebled pursuant to 15 U.S.C. § 1117, and/or that punitive damages be awarded pursuant to State law.

G. That Plaintiff have such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.

Respectfully submitted by:

_____
HENRY G. KLEIN

Dated: New York, New York
Sept. 21, 2015

Henry G. Klein
505 Main Street
Suite 200
Hackensack, New Jersey 07601
(201)880-7190

Jeffrey R. Cohen
Millen, White, Zelano & Branigan
2200 Clarendon Blvd.
Suite 1400
Arlington, VA 22201
703 243-6333
(Pending admission *pro hac vice*)

*Attorneys for Plaintiff*
4 Pillar Dynasty LLC